UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK ODELL,

       Plaintiff,

v                                      Case No. 5:05-cv-37

COMMISSIONER OF                    Hon. Wendell A. Miles
SOCIAL SECURITY,

       Defendant.
_____/

ORDER ON
PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Plaintiff Rick Odell brought this action challenging the decision of the Commissioner of Social Security ("the Commissioner") denying his claim for supplemental security income benefits under Title XVI of the Social Security Act. On December 27, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the Commissioner's decision be affirmed. Plaintiff has filed timely objections to the R & R (doc. no. 18).

The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, and having made an independent review of the objections filed by the plaintiff and the record of the underlying proceedings, agrees with the decision of the Magistrate Judge. Therefore, the court will adopt the R & R as the decision of the court and affirm the decision of the Commissioner.

**<u>Discussion</u>**

In his objections, plaintiff appears to make the following arguments (though not necessarily in this order):  (1) the ALJ erred in not concluding that plaintiff's impairments met or equaled listing 12.04(C) of the listing of impairments; (2) the ALJ failed to give sufficient deference to the opinions expressed by a consultive examining psychologist, Dr. Geiger; (3) the ALJ failed to sufficiently explain why he did not find credible plaintiff's subjective allegations of inability to work; and (4) the ALJ improperly relied on the testimony of the vocational expert ("VE").[1]

Plaintiff argues that the ALJ should have concluded that plaintiff's impairments met or equaled listing 12.04(C) of the listing of impairments.  Listing 12.04(C) requires the following criteria to be met for a finding of disabled:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1.    Repeated episodes of decompensation, each of extended duration; or
>
> 2.    A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3.    Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04(C).  However, plaintiff has failed to meet his

---

[1]Plaintiff's "objections" are more akin to rambling arguments than objections to specific conclusions reached by the Magistrate Judge.  However, the court has nonetheless attempted discern the gist of plaintiff's positions.

burden of showing that he met or equaled any part of the criteria of subsection (C) of Listing 12.04.  Specifically, plaintiff has not shown that he has a "*[m]edically documented history* of a chronic affective disorder of at least 2 years' duration" or "symptoms or signs *currently attenuated* by medication or psychosocial support" (emphasis supplied).[2]   Therefore, the Magistrate Judge's conclusion that plaintiff had not established that his condition satisfied the initial requirement of subsection (C) ® & R at 12-13) is correct.

Plaintiff also argues that the ALJ failed to give sufficient deference to the opinions expressed by Dr. Geiger, a psychologist who performed a consultive examination.  Plaintiff contends that Dr. Geiger's opinions were "consistent" with those of Dr. Tsai, a psychiatrist who completed a Psychiatric Review Technique form regarding plaintiff.  Plaintiff argues that these opinions placed moderate limitations on his ability to function in the workplace based on psychologically based symptoms.  Notably, Dr. Geiger opined that he had been provided with "no medical or psychological background information" on plaintiff (Tr. 20), which is consistent with plaintiff's having apparently failed to seek treatment.  Nonetheless, the ALJ relied on Dr. Geiger's report and also on Dr. Tsai's completed form in determining plaintiff's and residual functional capacity ("RFC").  The Magistrate Judge properly concluded that the medical evidence was consistent with the ALJ's determination of plaintiff's RFC.  R & R at 10.

Plaintiff also argues that the ALJ failed to sufficiently explain why he did not find credible plaintiff's subjective allegations of inability to work.  Although acknowledging that the Magistrate Judge correctly noted that statements regarding symptoms must be confirmed by

---

[2]The ALJ specifically found that plaintiff had not had any counseling or taken any medications for his conditions since 1997.  Tr. 19.

objective medical evidence (of which there is little to none in the record), plaintiff nonetheless seemingly contends that the ALJ did not give specific reasons for his finding on credibility. However, the ALJ did expressly find that (1) plaintiff had failed to take full advantage of some treatment options available; (2) plaintiff had generally a good range of activities of daily living; (3) no treating physician had expressed the opinion that plaintiff was totally disabled; and (4) the record contained no evidence suggesting a disabling condition. Tr. 18. Therefore, the Magistrate Judge correctly concluded that substantial evidence supported the ALJ's credibility determination. R & R at 11.

Plaintiff further argues that the ALJ improperly relied on the testimony of the VE because the VE's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"). Plaintiff further argues that the Magistrate Judge erred in relying on Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003) in concluding that the ALJ and the VE were not bound by the DOT. R & R at 13-14. According to plaintiff, although Wright represented "the state of the law in 2003," the Social Security Administration has since issued a ruling, "adopted in 2004," which changed the law after Wright. However, plaintiff is simply wrong that the law changed after Wright. The ruling to which plaintiff cites – SSR 00-4P – is a policy interpretation ruling which, as its number clearly reflects, was issued in the year 2000 (hence "*00*-4P"). The ruling became effective on the date of its publication in the Federal Register, which was December 4, 2000 – not in the year 2004. Therefore, SSR 00-4P did not change the law after Wright.

Social Security Ruling 00-4p provides that adjudicators should identify and obtain an explanation for any conflicts between the VE's evidence and the DOT, and explain in their decision how any identified conflicts were resolved. 2000 WL 1898704 (S.S.A.), at *2.    Here,

4

consistent with SSR 00-4P, the ALJ specifically asked the VE whether his testimony was inconsistent with the DOT, and the VE answered in the negative.  Tr. 145.  Because plaintiff did not bring any purported conflict to the attention of the ALJ, the ALJ had no need to explain how any "apparent unresolved conflict" was resolved.   2000 WL 1898704 (S.S.A.), at *2.  Furthermore, the VE testified that in addition to the DOT, he relied on his own knowledge as well as other published material about jobs in Michigan.  Tr. 145.  SSR 00-4P recognizes that VE's may rely on such other information.  Therefore, plaintiff's argument does not provide a basis for a remand for additional testimony by the VE.  2000 WL 1898704 (S.S.A.), at *2.

## <u>Conclusion</u>

Plaintiff's objections are overruled.  The court adopts the R & R as the decision of the court.  The court will enter judgment affirming the decision of the Commissioner.

Entered this 27th day of March, 2006.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge